**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. 3:14-CR-0374-L-3** |
| | § | |
| **KATHRYN GRACE DIRKS, #68935-112,** | § | |
| **Defendant.** | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant's Motion for Sentence Reduction or Modification Pursuant to 18 U.S.C. § 3582(c)(1)(A) and to Appoint Counsel (Doc. 265), filed on March 17, 2020.  As detailed here, the motion is **denied**.

Defendant pled guilty to conspiring to possess with intent to distribute a controlled substance and, in 2016, was sentenced to 156 months' imprisonment (Doc. 203).  Her appeal was subsequently dismissed (Doc. 259).  Defendant now seeks a sentence reduction because she "is a victim of a violent, sexual assault-rape by a correctional officer" while confined within the Federal Bureau of Prisons, at FCl-Tallahassee.  She asserts that the rape/assault is "an extraordinary and compelling reason" that justifies appointment of counsel and a sentence reduction. Defendant states that the prison guard was "investigated on numerous occasions" but "was still allowed to work with female inmates."  She contends that an appointed counsel could "secure documents from the Federal Bureau of Investigations and the United States Attorney's Office for the Northern District of Florida, in support of her claims for relief."  It is unclear, however, if the prison guard who committed the sexual assault was even prosecuted and convicted.

As further support for her motion to reduce sentence, Defendant cites *United States v. Urkevich*, No. 8:03-CR-37, 2019 WL 6037391, *4 (D. Neb. Nov. 14, 2019), which granted a

sentence reduction for "extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the [§924(c)] crimes committed." Upon review, the court concludes that Defendant is not eligible for a sentence modification and appointment of counsel.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). Under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, however, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Defendant's motion fails for several reasons. First and foremost, Defendant fails to provide proof that she exhausted her administrative remedies before filing her motion. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (finding Section 3582(c)(1)(A)'s exhaustion requirement "a glaring roadblock foreclosing compassionate release"); *United States v. Miller*, No. 2:17-CR-015-D-02, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (same). Although Defendant asserts that the Warden did not respond to her administrative remedy request, she does not include a copy of her request. Even assuming she exhausted her administrative, Defendant has not presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy Statement to warrant a reduction of her sentence under Section 3582(c)(1)(A). The court does not downplay Defendant's assault/rape, but it is not considered an extraordinary and compelling

reasons under the Sentencing Commission's policy statement.  *See* USSG § 1B1.13, comment. (n.1(A)-(C)) (identifying as extraordinary and compelling circumstances: a medical condition, old age, and the death or incapacitation of the caregiver of a minor child, or the incapacitation of the defendant's spouse).[*]  Moreover, *Urkevich*, 2019 WL 6037391, *4, is neither binding nor persuasive authority in this case.

In addition, Defendant is not entitled to appointed counsel.  The First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A); nor has the Fifth Circuit addressed the issue.  Notably, however, the Fifth Circuit has found that "a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding post-judgment motions to modify sentence under § 3582(c)(2) are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel under 18 U.S.C. § 3006A)).

The above holdings logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court.  Moreover, because "the constitutional right to counsel extends only through the defendant's first appeal," and not to post-conviction relief, a Sixth Amendment right to appointed counsel does not attach to motions filed under § 3582(c)(1)(A).  *Whitebird*, 55 F.3d at 1011; *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012) (finding no constitutional right to appointed counsel for post-conviction relief).

---

[*] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district courts have declined to apply this policy statement. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL1672322, at *2 (E.D. La. Apr. 2, 2020).

The court therefore finds that Defendant has no statutory or constitutional right to appointed counsel to assist her with the present motion for compassionate release.

For the foregoing reasons, Defendant's Motion for Sentence Reduction and to Appoint Counsel is **denied**.

**It is so ordered** this 30th day of June 2020.

Sam A. Lindsay
United States District Judge